# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DERWIN STEWART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-3238-WEB |
| | ) |
| RAY ROBERTS | ) |
| El Dorado Correction Facility | ) |
| & | ) |
| PHIL KLINE | ) |
| Kansas Attorney General, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Petitioner's second habeas corpus memorandum and second motion to proceed in forma pauperis. (Docs. 25, 27). Petitioner was convicted in 1997 of reckless second degree murder and aggravated assault and was sentenced to 166 months. The Court denied Petitioner's motion for relief under habeas corpus on April 26, 2006 and judgment was entered on May 15, 2006. (Doc. 23). Petitioner filed a notice of appeal, a second habeas corpus memorandum and a second request to proceed in forma pauperis on May 15, 2006. (Docs. 25, 26, 27).

"[R]egardless of how it is styled or construed..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (citations omitted). Petitioner's second memorandum was filed on the same day as the judgment and it disputes the Court's denial of Petitioner's habeas corpus petition; therefore, the Court will treat it as a motion to alter or amend judgment under Rule

59(e). Fed. R. Civ. P. 59(e); (Doc. 23).

A motion under Rule 59 (e) "should be granted only to address an intervening change in the controlling law, new evidence previously unavailable, or to correct clear error or manifest injustice." *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000). It "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A litigant, however, should not use such a motion to rehash previously rejected arguments or to offer new legal theories or facts." *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005).

I. Procedurally barred issues.

Petitioner's disputes the Court's finding that his claims were procedurally barred. A Rule 59(e) motion is not available as a second chance to offer new legal theories. Petitioner had an opportunity to rebut Respondent's exhaustion argument yet he failed to file a reply.

Out of an abundance of caution the Court will address this claim. Petitioner claims his appellate counsel's failure on direct appeal to raise ineffective assistance of counsel is cause for the procedural default. (Doc. 25, Ex. 8-9). Petitioner's claim is unpersuasive because he could have raised the procedurally barred ineffective assistance arguments on state collateral appeal. *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000); Kan. Stat. Ann. § 60-1507. Moreover, exhibits provided by Petitioner show counsel on direct appeal informed Petitioner how to raise ineffective assistance of counsel on state collateral appeal. (Doc. 25, Ex. 9, 12-13). Consequently, Petitioner's motion cannot be granted as he has failed to show clear error or manifest injustice.

Next, Petitioner claims clear error because the procedurally barred claims were raised at the state

level. Petitioner points to issues raised to the trial court as well as exhibits showing letters he wrote to the trial judge and to his counsel. (Doc. 25, Ex. 1-4, 6-7).

This argument is unpersuasive. A petitioner is required to satisfy the exhaustion requirement by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Issues Petitioner raised to counsel and the trial court but not raised to the KCA and KSC are unexhausted. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (exhaustion requirement satisfied if issue has been properly presented to the highest state court).

For further support, Petitioner cites pages in the appellate briefs and state court opinions. Contrary to Petitioner's assertions, the briefs and state court decisions on collateral and direct review do not show these issues to have been raised. The Court finds no clear error or manifest injustice in its decision to procedurally bar some of Petitioner's claims for relief.

II. Ineffective Assistance of Counsel.

In his next claim, Petitioner provides additional factual support that his counsel was ineffective for failing to preserve his Fifth Amendment rights by allowing into evidence the taped police interview. Petitioner alleges his counsel did not let him listen to the tapes and made misrepresentations to induce Petitioner into allowing the tape to be played. The Court is unable to offer Petitioner relief on this ground as this claim was previously raised and denied and a post-judgment motion is not to be used to shore up failed arguments with new factual allegations.

Petitioner next makes a new argument for ineffective assistance of counsel. He claims his counsel

failed to call two witnesses who could have produced exculpatory evidence. The Court is unable to grant Petitioner relief on this ground. First, the Court notes that Petitioner has failed to include affidavits from these witnesses stating what would have been their testimony. This in itself is fatal to Petitioner's claim. *United States v. Cosby*, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (conclusory allegations about substance of witnesses testimony an insufficient basis for relief without affidavits from those witnesses). Second, this new ineffective assistance of counsel argument could have been raised by Petitioner in his initial habeas brief; consequently, it is an inappropriate argument on a motion to alter a judgment. See *Servants,* 204 F.3d at 1012 (Rule 59(e) not appropriate to advance arguments that could have been raised in prior briefing).

III. Factual support for conviction.

Petitioner argues the Court committed clear error by deciding Petitioner suffered no prejudice from counsel's introduction of taped interviews. Specifically, Petitioner disagrees that the evidence in the record is sufficient to sustain his convictions without the tapes. As support, Petitioner cites favorable comments made by witnesses.

Petitioner's arguments are unpersuasive. First, two of the witnesses he quotes are not listed in the record as even having testified. Moreover, Petitioner provides no affidavits from these individuals. See *Cosby*, 983 F. Supp. at 1026. Such unsupported assertions do not provide a basis for relief.

Furthermore, the Court considered all the evidence in the record in its review of Petitioner's claim, including the testimony Petitioner cites from the record. Petitioner's recitation of isolated quotes from the record does not show clear error in the Court's prior analysis that there is sufficient evidence to support

Petitioner's murder conviction. With respect to the aggravated assault conviction, Petitioner directs the Court's attention to statements made by Marlin Rice that he didn't believe Petitioner was trying to hit him. (R. Vol. 8 at 18: 19-20). This one quote from the record does not show the Court's decision to be clear error as Rice made many other statements which provide a sufficient evidentiary basis to support Petitioner's aggravated assault conviction.[1]

> Q. Do you remember thinking he was going to try and run you over?
> A. Maybe diving over a car.
> Q. Do you remember ever making the statement you thought that he was going to try and run you down?
> A. He was - - I knew he was mad at me, but - -
> Q. And he was coming your direction?
> A. He did.
> Q. And you jumped out of the way?
> A. Yeah.
> Q. Describe the manner in which the car was moving towards you?
> A. He backed up then swung around (gesturing). Yeah, I jumped out of the way. I wasn't going to get hit by no car.
> ...
> Q. Describe the speed of the car.
> A. It was coming pretty fast.
> Q. And how was it coming - - how was the car moving in relation to the way you were standing and the location of where you were standing?
> A. It was coming in the direction where I was at, so, yeah, I got out of the way.
> ...
> Q. And you remember telling Detective Hennessy that you didn't try and stop him because you thought he was trying to hit you, too?
> A. Well, like I said - -
> Q. Do you remember - - do you remember telling him that?
> A. I might have told him that, I don't know.
> Q. And is that, today, the way you recall feeling at the time?
> A. Is that how I feel right now?
> Q. Is that how you recall feeling back in December?

---

[1] The Court provided citations to the record in its initial opinion; however, the Court will cite additional testimony as further support for Petitioner's aggravated assault conviction.

      A. I probably did, because I was a little upset.
      Q. Okay. And the defendant was a little upset, too, right?
      A. (Nodding affirmatively).

(R. Vol. 8 at 18: 21 to 19: 23, 24: 7-19)

Petitioner has failed to show that he suffered prejudice from the playing of the audio tape as there is sufficient evidence to support his convictions without the tape. Consequently, the Court finds no basis for amending the judgment as there is no manifest injustice or clear error.

IV.  <u>Self-defense and involuntary manslaughter.</u>

Petitioner next argues that the people involved in the incident were inherently violent; consequently, a jury instruction for involuntary manslaughter based on excessive force during self defense is justified.[2] Petitioner supports this allegation with a police report showing a knife fight involving some of the same people Petitioner alleges attacked him on the date of the murder.

Petitioner's claim fails on many grounds. First, Petitioner fails to show the police report was evidence that was previously unavailable until now. Second, Petitioner argued for a lesser jury instruction in his initial habeas memorandum. Because post-judgment motions are unavailable to recycle previous arguments, no relief is possible on this ground. Third, had Petitioner carefully read the Court's opinion, he would have known that the Court does not review "a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

---

[2] In his brief, Petitioner alleges certain people were violent without stating how this provides a basis for relief; consequently, the Court construed this allegation liberally as one providing more support for his lesser offense jury instruction claim.

Consequently, the Court declines to amend the judgment on this ground.

V.  The State's witnesses committed perjury.

In a new argument, Petitioner alleges that the state's witnesses lied at trial. Petitioner supports this proposition with police report from 1997 stating that the victim's fingerprints were found on the victim's car which, according to Petitioner, conflicts with testimony at trial.

The Court declines to alter the judgment on this ground. First, Petitioner has not shown that this evidence from 1997 was previously unavailable. Second, this new argument fails because post-judgment motions are not appropriate for the purpose of introducing novel allegations of trial error.

VI.  In Forma Pauperis.

Petitioner also renews his argument to proceed in forma pauperis. (Doc. 27); 28 U.S.C. § 1915. This time, Petitioner has appropriately included an affidavit of poverty and a copy of his prison trust account for the previous six months. However, the Court declines to grant him status to proceed in forma pauperis because he is not so indigent that he cannot afford to pay the costs of this action. The record shows Petitioner has a balance of well over the $150 threshold set by the rules in this district.   See D. Kan. R. 9.1(g) (motion in forma pauperis may be denied if value of money in petitioner's institutional account exceeds $150).

Petitioner's motion to amend the judgment under Rule 59(e) (Doc. 25) and request to proceed in forma pauperis (Doc. 27) are hereby DENIED.

SO ORDERED this 13th day of June, 2006.

s/ Wesley E. Brown<br>
Wesley E. Brown, Senior U.S. District Judge